## UNITED STATES v. GREENFIELD TAP & DIE CORPORATION.

District Court, D. Massachusetts. July 30, 1928.

No. 2917.

Internal revenue ⬅️28(1)—Government may proceed in equity to collect income and excess profits taxes from transferee without complying with law for determination of deficiencies (26 USCA § 142; Revenue Act 1926, §§ 274 (a), 278(d), 280, 1122(b); 26 USCA §§ 1048, 1061, 1069, 1257; Jud. Code, § 24(1); 28 USCA § 41(1)).

Under Rev. St. § 3213 (26 USCA § 142; Comp. St. § 5937), and Revenue Act 1926, §§ 278(d), 1122(b), (26 USCA §§ 1061, 1257), federal court has jurisdiction, pursuant to Judicial Code, § 24(1), 28 USCA § 41(1), of proceeding in equity by the United States to enforce its rights to collect balance due on income and excess profits taxes from transferee, notwithstanding section 280 of the Revenue Act of 1926 (26 USCA § 1069), which would require compliance with provisions of section 274(a), 26 USCA § 1048, in determination of deficiencies including a 60-day notice of deficiency, in that section 280 deals with administrative procedure to be followed, and is not to be construed as depriving United States of power expressly conferred by other statutory provisions to pursue in courts any proper remedy for collection of taxes.

In Equity. Suit by the United States against the Greenfield Tap & Die Corporation. On motion to dismiss. Motion overruled.

Frederick H. Tarr, U. S. Atty., and J. M. Leinenkugel, Sp. Asst. U. S. Atty., both of Boston, Mass., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C. (Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for the United States.

Samuel Freedman, of Boston, Mass., for defendant.

BREWSTER, District Judge. The United States brings this proceeding in equity to enforce its rights to collect the balance due on 1920 income and excess profits taxes from the respondent as transferee of all the assets of the Lincoln Twist Drill Company. The respondent has asked to have the bill dismissed, averring that section 280 of the Revenue Act of 1926 (26 USCA § 1069) provides an exclusive method of enforcing the liability, at law or in equity, of a transferee of property of the taxpayer. This statute, so far as material to the respondent's motion, is as follows:

"Sec. 280(a). The amounts of the fol-

lowing liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess profits, or war profits tax act. * * * "

26 USCA § 1069 (a, 1).

I assume, as the allegations of the bill would indicate, that the government did not act pursuant to the provisions of section 274(a) of the act (26 USCA § 1048), which set out the procedure to be followed in the determination of deficiencies, including a 60-day notice of deficiency. This section reads in part that no "proceeding in court" for the collection of the deficiency "shall be * * * begun or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period."

These provisions of the Revenue Act of 1926, the respondent contends, leave the court without power to entertain an equity suit to establish the liability of the transferee according to the theory that the assets in the hands of the transferee constitute a trust fund for the payment of taxes due the United States from the Lincoln Twist Drill Company.

To uphold this contention is to bring the provisions of section 280 in direct conflict with other federal enactments, as well as with other provisions of the 1926 act. Thus section 3213 of the Revised Statutes provides that "taxes may be sued for and recovered in the name of the United States, in any proper form of action, before any * * * District Court of the United States for the district within which the liability to such tax is incurred, or where the party from whom such tax is due resides at the time of the commencement of the said action." 26 USCA § 142; Comp. St. § 5937. I look upon this section as operating not only to fix the venue of the action, but to confer upon the proper administrative officer authority to sue, at law or in equity, in the name of the sovereignty, for the recovery of any taxes due the United States.

But, referring to the act of 1926, we find two sections that cannot be reconciled with the position taken by the respondent.

Section 278(d) provides: "Where the assessment of any income, excess profits, or war profits tax imposed by this title or by prior act of Congress has been made (whether before or after the enactment of this act), * * * such tax may be collected by * * * a proceeding in court (begun before or after the enactment of this act). * * * " 26 USCA § 1061.

And section 1122(b) is as follows:

"Sec. 1122(b). The District Courts of the United States at the instance of the United States are hereby invested with such jurisdiction to make and issue, both in actions at law and suits in equity, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and process, and to render such judgments and decrees, granting in proper cases both legal and equitable relief together, as may be necessary or appropriate for the enforcement of the provisions of this act. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such provisions." 26 USCA § 1257.

This section, being the latter portion of the act of 1926, was held to control in United States v. Updike et al., 25 F.(2d) 746 (District of Nebraska, Omaha Division, April 13, 1928). My views are in accord with the results reached in that case. The rule of construction there applied is well settled. United States v. Daniels (C. C. A.) 279 F. 844; In re Lee (D. C.) 236 F. 987.

I think there is merit in the suggestion that section 280 deals with administrative procedure to be followed in assessing and collecting taxes from a transferee, as well as in the other cases specified in the section, and that it should not be so construed as to deprive the United States of the power expressly conferred by other statutory provisions to pursue in the courts any proper remedy for the collection of taxes and other debts due to it.

Compare United States v. Ayer (C. C. A.) 12 F.(2d) 194; United States v. Chicago & E. I. R. R. Co. (D. C ) 298 F. 779; Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80; Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596.

For these reasons I am unable to accept the views of the respondent respecting the exclusiveness of the provisions of section 280.

I am of the opinion that, notwithstanding these provisions, the United States may proceed in equity for the recovery of these taxes assessed to the respondent's assignor, and that the court has jurisdiction under section 24 (1) of the Judicial Code (28 USCA § 41 (1) to entertain the suit. The merits of the government's claim are not now before the court.

I overrule respondent's motion to dismiss.

---

## THE ELSE.

District Court, S. D. Alabama. July 26, 1928.

Shipping ⬤⟿69—Master has lien on freight, though not on ship, for wages.

While the master has no lien on the ship for his wages, he has a lien on the freight.

In Admiralty. Libel by the master and crew of the schooner Else for wages due, in which the Mobile Towing & Wrecking Company and another intervened, and excepted to the master's report as to liens and priorities. Exceptions overruled.

Pillans, Cowley & Gresham, of Mobile, Ala., for libelants.

Smiths, Young & Johnston, of Mobile, Ala., for interveners.