### LEIGHTON et al. v. UNITED STATES.*
### No. 6766.

Circuit Court of Appeals, Ninth Circuit.
Nov. 3, 1932.

Herman Weinberger and Chickering & Gregory, all of San Francisco, Cal., for appellants.

*Rehearing denied January 9, 1933.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from a decree rendered by the District Court in favor of the United States against the appellants. The appeal is heard upon the judgment roll.

Leighton & Co., Incorporated, was a California corporation engaged in business in San Francisco during the years 1918, 1919, and 1920, for which years it filed federal income and profits tax returns. The corporation claimed the right to be taxed as a "personal service corporation" under certain sections of the Revenue Act of 1918 (40 Stat. 1057).

On February 21, 1921, the corporation disposed of its business and other assets for $12,000 in cash, and distributed the same to its stockholders, in proportion to their respective ownership of shares. This distribution left the corporation without means wherewith to pay taxes due to the appellee.

The court found that the "corporation entered into written waivers with the Commissioner of Internal Revenue by which the period for assessment against it of additional income taxes for the calendar years 1918 and 1919 was duly extended to March 3, 1926."

On January 16, 1926, the Commissioner of Internal Revenue assessed additional taxes against the corporation for the taxable years mentioned above, aggregating $33,382.14. Warrants of distraint were issued against the corporation and returned unsatisfied. The present suit in equity was filed by the United States on July 26, 1929.

The court also found that "no proceedings were ever begun against the stockholders to impose said taxes against them other than the present proceeding, and no judgment was ever obtained against the corporation," and that "this suit was authorized by the Commissioner of Internal Revenue."

The court's conclusion of law was as follows:

"That the corporate assets distributed to these defendants in the manner previously found by the court constituted a trust fund for the payment of said taxes owing by said company to the United States and that said distributees are accountable to this court for said trust property so distributed to the extent distributed to each of them from the assets of said company, namely:

"John H. Leighton, $6,004.00
"James A. McPherson, $888.00.
"Sue I. Leighton, $800.00
"Ralph W. Crosman, $100.00.
"Robert L. Wyrick, $400.00.
"Herman Weinberger, $120.00

—together with interest thereon at 6% from January 16, 1926, said amounts to be applied to the payment of said taxes."

A decree was rendered accordingly.

The applicable provisions of the Revenue Act of February 26, 1926, and of the Revised Statutes are quoted at length:

Section 274 (a). "If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in section 1048b or 1048d of this title or in section 1051, 1063, 1071, or 1224 of this title [subdivision (d) or (f) of this section or in sections 279, 282, or 1001], no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. Notwithstanding the provisions of section 154 of this title [3224 of the Revised Statutes] the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court." (26 USCA § 1048).

Section 277 (a). "Except as provided in section 278:

"(1) The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. * * *

"(3) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled * * * Revenue Act of 1918 * * * shall be assessed within five years

after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." (26 USCA § 1057 (a) (1, 3).

Section 278 (d), 26 USCA § 1061 and note. "Distraint or court proceeding; time for. Where the assessment of any income, excess-profits, or war-profits taxes imposed by this chapter or by prior Act of Congress has been made (whether before or after May 29, 1928) within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after May 29, 1928), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

Section 280 (a). "The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter. * * *

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax * * * imposed upon the taxpayer by this chapter or by any prior income, excess-profits, or War-Profits Tax Act. * * *

"Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

"(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

"(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

"(2) If the period of limitation for assessment against the taxpayer expired before February 26, 1926 [the enactment of this act], but assessment against the taxpayer was made within such period—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after February 26, 1926 [the enactment of this act].

"(3) If a court proceeding against the taxpayer for the collection of the tax has been begun within either of the above periods—then within one year after return of execution in such proceeding.

"(c) For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred.

"(d) The running of the statute of limitations upon the assessment of the liability of a transferee or fiduciary shall, after the mailing of the notice under section 1048 [subdivision (a) of section 274] to the transferee or fiduciary, be suspended for the period during which the Commissioner is prohibited from making the assessment in respect of the liability of the transferee or fiduciary * * * and for 60 days thereafter.

"(e) This section shall not apply to any suit or other proceeding for the enforcement of the liability of a transferee or fiduciary pending February 26, 1926 [at the time of the enactment of this act." (26 USCA § 1069 (a) (1), (b) (1–3), (c–e), and note.

"Sec. 1122. " * * (b) The district courts of the United States at the instance of the United States are hereby invested with such jurisdiction to make and issue, both in actions at law and suits in equity, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and process, and to render such judgments and decrees, granting in proper cases both legal and equitable relief together, as may be necessary or appropriate for the enforcement of the provisions of this Act. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such provisions." (44 Stat. 121).

R. S. § 3213 (26 USCA § 142). "Suits for fines, penalties, and forfeitures, and taxes. It shall be the duty of the collectors, in their respective districts, subject to the provisions of this title, to prosecute for the recovery of any sums which may be forfeited by law. All suits for fines, penalties, and forfeitures, where not otherwise provided for, shall be brought in the name of the United States, in any proper form of action, or by any appropriate form of proceeding, qui tam or otherwise, before any district court of the United States, for the district within which said fine, penalty, or forfeiture may have been incurred, or before any other court of competent jurisdiction; and tax-

es may be sued for and recovered in the name of the United States, in any proper form of action, before any district court of the United States for the district within which the liability to such tax is incurred, or where the party from whom such tax is due resides at the time of the commencement of the said action."

The appellants' main contentions are that a compliance with the provisions of said section 280 respecting the assessments of transferees of taxpayers is a condition precedent to the maintenance of a suit to enforce a tax liability against them as transferees; that the suit is barred by reason of the fact that no notice of deficiency was ever sent to the appellants respecting the tax due from the corporation or claimed to be due from them as transferees, as required by law; and that it is also barred by the statutes of limitations contained in the Revenue Acts of 1918 and 1926.

The appellants also contend that the court was without jurisdiction to entertain the suit against the appellants as transferees, and that it erred in allowing interest on the decree.

The appellee concedes that the procedure provided by section 280 of the Revenue Act of 1926 was not followed, but contends that the remedy provided by that section is cumulative and not exclusive, and that the procedure followed in the present case was proper.

A recent decision of the Supreme Court makes it plain that the remedy provided by section 280 is not exclusive. In Phillips et al. v. Commissioner, 283 U. S. 589, 593, 51 S. Ct. 608, 610, 75 L. Ed. 1289, Mr. Justice Brandeis, referring to that section, said: "This remedy is in addition to proceedings to enforce the tax lien or actions at law and in equity." Again, at page 601 of 283 U. S., 51 S. Ct. 608, 613, the learned justice observed: "The power of Congress to provide an additional remedy for the enforcement of existing liabilities is clear." At page 592 of 283 U. S., 51 S. Ct. 608, 609, the following language is found:

"Stockholders who have received the assets of a dissolved corporation may confessedly be compelled, in an appropriate proceeding, to discharge unpaid corporate taxes. Compare Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 65 L. Ed. 697. Before the enactment of section 280 (a) (1) [26 USCA § 1069 (a) (1)], such payment by the stockholders could be enforced *only* by bill in equity or action at law. Section 280 (a) (1)

provides that the liability of the transferee for such taxes may be enforced in the same manner as that of any delinquent taxpayer.

"The procedure prescribed for collection of the tax from a stockholder is thus the same as that now followed when payment is sought directly from the corporate taxpayer." (Italics our own.)

In United States v. Updike et al., 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984, the suit was brought to recover additional income and excess profits taxes from stockholders of the corporation more than seven years after the assessment. The theory upon which the suit was begun and prosecuted was that the assets of the corporation distributed to the stockholders, to the extent of the additional taxes, became trust funds received to the use of the United States. The sole question there considered was whether the suit, having been brought more than six years after the assessment, was barred by the provisions of section 278 (a) and (d): "(a) In the case * * * of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." (26 USCA § 1058.) Section 278 (d) has already been set forth, supra.

In the Updike Case, supra, as appears from the opinion of the Eighth Circuit Court of Appeals, which was affirmed by the Supreme Court, there was an assessment against the corporation, but none against the transferees. 32 F. (2d) 1, 2, 5. Section 280 provides for the assessment of the liability of the transferee, and the appellants insist that such assessment was prerequisite to maintaining a suit of this character against them. Yet in the Updike Case, supra, the Supreme Court based its decision against the government not upon the fact that the transferees had not been assessed, but upon the government's failure to bring suit within the prescribed time, under 278 (d).

From this it must follow that the Supreme Court, in the Updike Case as well as in the Phillips Case, did not regard section 280 as exclusive, but cumulative; for though in the Updike Case the provisions of section 280 had not been complied with, the Supreme Court did not regard such compliance as necessary to the government's right to bring suit, but decided that case on other grounds, involving another section of the act. Indeed, the Circuit Court of Appeals, whose decision was affirmed, at page 4 of 32 F. (2d), of its opinion, said: "Questions argued in the cross-appeal need not be discussed, ex-

cept to say that the provisions of section 280 (Act 1926; 26 USCA § 1069), providing for assessment against transferees, are cumulative, and do not bar this suit. Over and beyond distraint and statutory proceedings in court, there exists the plenary powers of courts of equity."

In United States v. Garfunkel et al. (D. C.) 52 F.(2d) 727, 729, the court observed: "The remedy of proceeding against the stockholders by way of assessment and distraint, made available by section 280 of the Revenue Act of 1926 * * * is an additional remedy."

See, also, United States v. Greenfield Tap & Die Corporation (D. C.) 27 F.(2d) 933.

Since the Supreme Court of the United States has held that section 280 is not exclusive but cumulative, and that the six-year limitation runs from the date of assessment against the corporation, we must hold that the action herein is not barred, since it admittedly was filed but three and a half years after the assessment was made against the corporation. Furthermore, a reading of all the statutes quoted above leads one to the same conclusion; namely, that section 280 was not intended to deprive the court of its "plenary powers * * * of equity."

█ The right of the lower court to allow interest is so fundamental as to render discussion unnecessary.

Decree affirmed.