## No. 874

### ROBERTS v. KRUG et al
Montgomery Common Pleas
Decided Nov. 15, 1922

**115. CORPORATIONS.**

Holder of unliquidated claim against corporation which is dissolved may, upon reducing his claim to Judgment, follow the assets of the corporation—Publication of notice of dissolution of corporation binds stockholders but not creditors.

SNEDIKER, J.

#### Epitomized Opinion

May, 1918, Roberts was injured by an automobile of the Krug Baking Co. July, 1918, this company was dissolved and its assets distributed to the stockholders. November, 1919, Roberts filed suit against the company for damages and recovered a judgment of $4 000, but the Court of Appeals remitted $1,000. March, 1920, Roberts filed this action alleging her judgment, the dissolution of the corporation, and prayed that the stockholders be required to account to her. Krug et al contend that at the time of the dissolution she was not a creditor and, as no fraud was charged, she has no claim upon the fund in the hand of the distributees; and that it would be a hardship to require the company to hold funds sufficient to meet the obligation. It was further contended that at the time of the dissolution notice thereof was published in the papers and sent to the stockho'ders. In holding that she could reach the funds in the hands of the distributees, the court said:

1. "The payment of the debts and liabilities of a corporation of which either its directors or other officers desire to surrender its corporate authority is a condition precedent and constitutes such an obligation of the corporation as entitles one in whose favor a liab'lity exists to payment before such surrender, or in the event that the assets of the company were not exhausted in its settlement with its creditors and those to whom it is under an

obligation of liability, to payment out of any fund remaining in its hand or in the hands of those to whom it may have made distribution. The fact that the claim of this plaintiff was unliquidated at the time of the attempted dissolution therefore makes no difference as to her right to recover. Whether a creditor or one to whom a liability is due, her privileges are the same." 255 U.S. 402.

2. The publication of the notice was for the benefit of stockholders and would not be constructive notice to a creditor.