## UNITED STATES v. OSCAR FROMMEL & BRO., et al.

### No. 339.

Circuit Court of Appeals, Second Circuit.

May 18, 1931.

L. HAND, Circuit Judge, dissenting.

George Z. Medalie, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

John C. Grier, of New York City, for defendants-appellees Frommel Realty & Inv. Co. and George Davis, Helen Elizabeth, Lane and Oscar Rue Frommel.

Henry W. Jessup, of New York City, for defendants-appellees Harry and Louis Ferguson.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

On March 26, 1918, Oscar Frommel & Bro., a corporation, filed with the collector of internal revenue, its corporation income and profits tax return for the year 1917 showing a tax due of $21,847.41. On June 27, 1919, an amended return was filed for that year showing a tax due in the sum of $104,-428.42. It had no taxable earnings for part of the year subsequent to June 21, 1917. An assessment was made on the original return (June 15, 1918) of $21,847.41 and on the amended return (July 29, 1919) of $82,581.-01; the total tax assessed for the calendar year was $104,428.42. After demand for payment by the United States, an action was brought June 6, 1922, to recover the taxes assessed, issue was joined, by the service of an answer, the action was reached for trial and on April 3, 1925, judgment was entered by default against Oscar Frommel & Bro. for $146,760.34. Execution of this judgment was returned unsatisfied. On December 1, 1925, a suit was begun to recover from the appellees the amount of the judgment. The answers were filed and a motion was made to strike out the answers, and the appellees moved to dismiss the bill for failure to state a cause of action. The latter motion was granted, and the bill dismissed. The court below held that the action was one to collect the tax and was barred by the five-year period of limitations described in section 277 (a) (2) of the Revenue Act of 1924 [43 Stat. 253, 299 [26 USCA § 1057 note]). The fact that a judgment was obtained for the arrears of taxes was regarded below as not altering or changing the applicability of the statute.

Section 277 (a) (2) of the Revenue Act provides: "The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled 'An Act to provide revenue,

equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, * * * the Revenue Act of 1917, * * * and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period."

■ The judgment obtained against the corporation, Oscar Frommel & Bro., on April 3, 1925, was for the arrears of taxes—a debt. It was binding on the corporation only. The present suit is against the stockholders to recover the amount of the judgment because they have received by transfer the assets of the corporation and made it impossible to collect on the judgment obtained against the corporation. The Oscar Frommel & Bro. Company was a New York corporation. Section 105, subd. 8, of the New York Stock Corporation Law (Consol. Laws, c. 59), provides that a "corporation shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and may sue and be sued in its corporate name." The bill alleges that the stockholders received, without giving consideration, the assets of the corporation. The corporation was not dissolved by any action authoritative in law. Under these circumstances, the assets received are regarded as a trust fund in the hands of transferees for the payment of all debts and demands against the corporation, and under proper proceedings such funds are applicable to the payment of outstanding indebtedness against the corporation. Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 367, 65 L. Ed. 697; Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 S. Ct. 691, 37 L. Ed. 577. In the Pierce Case, the court said: "It is true that the bill to reach and apply the assets distributed among the stockholders cannot, as a matter of equity jurisdiction and procedure, be filed until the claim has been reduced to judgment and the execution thereon has been returned unsatisfied. Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113. But, as a matter of substantive law, the right to follow the distributed assets * * * applies not only to those who are creditors in the commercial sense, but to all who hold unsatisfied claims. A corporation cannot by divesting itself of all property leave remediless the holder of a contingent claim, or the obligee of an executory contract * * *; and there is no good reason why the United States with a claim for penalties should be in a worse plight."

■ It is no answer to say that there had been a substantial liquidation of the firm of Oscar Frommel & Bro. in July, 1917, and that there were sufficient assets left to enable it to pay the income tax which under the internal revenue laws then in existence would be payable. United States v. Armstrong, 26 F.(2d) 227 (C. C. A. 8); United States v. Klausner, 25 F.(2d) 608 (C. C. A. 2); United States v. McHatton, 266 F. 602 (D. C. Dist. Mont.). And the allegations of the complaint must be accepted as true in testing the result below.

■ It has been held that, where judgment has not been first obtained and the action is one to collect a tax, and the resort to a judgment would be idle and useless, equity will interpose to prevent such useless circuity. United States v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984; United States v. Fairall, 16 F.(2d) 328 (D. C. S. D. N. Y.); United States v. Pann, 23 F.(2d) 714 (D. C. S. D. Cal.). In the Updike Case, the income tax was for eleven months ending June 30, 1917. In August, 1917, the corporation dissolved and distributed its assets. It filed no tax return until October, 1918, when a return was filed by a revenue agent after examination of the books, and the United States, in 1927, instituted an action to recover from the stockholders a sum of money sufficient to pay the tax. The court held that a suit in equity against the distributees of the assets might lie, but that it must be brought within six years after the assessment under section 278 (d) and section 280 of the Revenue Act of 1926 (26 USCA §§ 1061, 1069). Moreover, that section 278 (d) of the act of 1926, providing that, where the assessment had been made within the statutory period of limitation properly applicable thereto, the tax might be collected by a proceeding in court, but only if begun within six years after the assessment of the tax, applied to an assessment in 1920 of 1917 taxes, notwithstanding that in 1920, when the assessment was made, there was and had been no provision of law which in any form limited the time for assessing and collecting the tax.

But the result below deprives the United States of the right to proceed on its judgment which is valid and stands unchallenged. Section 280 of the Revenue Act of 1926 authorizes the collector to assess a tax against a transferee of the property of a taxpayer. The appellant does not rely upon section 280

for assistance. It proceeds as if on a creditor's bill on a judgment to collect a tax liability which was liquidated by judicial action prior to the dissolution of the corporation. By section 280 Congress imposed a new liability upon the transferee of the property of a taxpayer who has failed to pay the tax. Section 280 was not intended to limit the appellant in pursuing the assets of the corporation which had been transferred, without first having paid the taxes due to it; a judgment therefor having been obtained.

Decree reversed.

L. HAND, Circuit Judge (dissenting).

United States v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984, dealt with a bill filed after the Revenue Act of 1926 became law, section 280 (a) (1) of which expressly applied the limitations of suits against taxpayers to suits against transferees. The argument of the Treasury had been that the suit was derivative from the corporation's liability, the equitable equivalent of the right to follow the assets at law—after judgment and execution nulla bona. It insisted that section 280 (a) (1), 26 USCA § 1069, applied only to the direct liabilities of transferees to pay the tax, and therefore affected only those for the first time created by the Act of 1926. This the court answered by holding that such a suit, in spite of its ancillary character, was to "collect the tax."

I cannot think it a material difference that no judgment and execution had there gone against the corporation. Normally, these are conditions precedent to such a suit; they may be omitted only when they would be patently futile. But, when they are, the suit still remains one to subject voluntary transferees to the transferrer's obligations; the procedural prerequisites do not change the nature of the remedy. Hence I think that the suit at bar is one to collect a tax, if a suit without judgment is such. While of course the Act of 1926 does not apply here, there were limitations, indeed narrower limitations, in the earlier acts, with which concededly the Treasury has not here complied. These barred this suit as much as they would have barred a suit brought without judgment and execution.

While, perhaps, it should not be conclusive, a consequence of my brothers' ruling seems to me worth notice. If they are right, it is always enough to toll the statute for the Treasury to sue the corporation or other transferrer in season. Thereafter it may at its leisure bring suit against the transferees, though it would be barred if it sued them directly. The effect of the distinction we are making is to put it into the hands of the Treasury, by eschewing the short cut, indefinitely to extend the period of limitation. I cannot think that this is all that the Supreme Court meant in U. S. v. Updike, supra.