## UNITED STATES v. BAILEY (BELFORD et al., Garnishees).

District Court, S. D. Georgia.

Aug. 6, 1931.

Chas. L. Redding, U. S. Dist. Atty., and Green B. Everitt, Asst. U. S. Atty., both of Savannah, Ga., for the United States.

Gordon Saussy and H. Wiley Johnson, both of Savannah, Ga., for garnishees.

### Findings of Fact.

BARRETT, District Judge.

The facts are not in dispute and are:

1. Richard A. Bailey was fined in criminal cases on December 7, 1923, and July 15, 1930, respectively, and the fines have not been paid.

2. The United States had garnishments served on three garnishees, based on the foregoing fines. Each of said garnishees moved to dismiss the garnishment proceeding because:

(1) "The plaintiff has no valid cause of action against respondent as garnishee in this case and no right to issue and serve summons of garnishment on this respondent as garnishee in this case."

(2) "There is no authority of law for the issuance and service of the garnishment summons which was issued and served upon the respondent as garnishee in this case, the same not being founded upon a suit pending at common law or upon a judgment rendered in a common law cause."

(3) Because the judgment of December 7, 1923, is barred by the limitation in section 1047 of the Revised Statutes of the United States (28 USCA § 791).

### Conclusions of Law.

1. Reliance by the government is wholly on section 1041, Rev. St. (USCA, title 18, § 569). The pertinent portion of this section is as follows: "In all criminal or penal causes in which judgment or sentence has been or shall be rendered, imposing the payment of a fine or penalty, whether alone or with any other kind of punishment, the said judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced."

Great help is found in the interpretation of this section by the fact that it is a portion of the act (section 12) approved June 1, 1872 (17 Stat. 198), entitled "An Act to further the Administration of Justice," in which there are many provisions, but the one that is especially aidful is section 6 thereof (17 Stat. 197), from which are derived Rev. St. §§ 915 and 916, embodied in USCA, title 28, §§ 726 and 727, as follows: "Sec. 6. That in common-law causes in the circuit and district courts of the United States the plaintiff shall be entitled to similar remedies, by attachment or other process against the property of the defendant, which are now provided for by the laws of the State in which such court is held, applicable to the courts of such State; and such circuit or district courts may, from time to time, by general rules, adopt such State laws as may be in force in the State in relation to attachments and other process;

and the party recovering judgment in such cause shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided by the laws of the State within which said circuit or district courts shall be held in like causes, or which shall be adopted by rules as aforesaid: Provided, That similar preliminary affidavits or proofs, and similar security as required by such laws, shall be first furnished by the party seeking such attachment or other remedy."

Indubitably section 6 deals only with "common law causes." If Congress entertained the view that "criminal or penal causes in which judgment or sentence has been or shall be rendered, imposing the payment of a fine or penalty" were included in "common law causes," section 12 would be utterly superfluous. If it were intended that an execution issued thereon should be aided by "attachment," why not merely have declared that the provisions of section 6 should be applicable? Is not the reasonable interpretation of this action that, while recognizing that ordinarily payment of fines and penalties was enforced by imprisonment, it could also "be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced." The employment of the phrase "civil cases" manifests that the contradistinction is with "criminal causes." Authority may be found that a fine or penalty expressed in a judgment is a debt to the sovereign and possibly some ill-considered statement may declare that it arises out of a "common law case," but manifestly Congress did not concur in such views. Careful and able consideration by two courts has lead to the indicated conclusion as recorded in Clark v. Allen (D. C. W. D. Va.) 114 F. 374, affirmed by the Circuit Court of Appeals of the Fourth Circuit, 126 F. 738, as follows:

"1. Rev. St. § 916, providing that the party recovering a judgment in any common-law cause in a federal circuit or district court shall be entitled to similar remedies on the same as are provided in like causes by the law of the state, does not apply to judgments in criminal cases.

"2. Rev. St. § 1041, providing that judgments in criminal and penal cases as to the fine or penalty may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced, means only that the government in enforcing judgments for fines and penalties is not restricted to mere imprisonment of the defendant, but may proceed also by execution against his property."

How may an execution be enforced otherwise than by the ordinary levy and sale? The case of Pierce v. United States (C. C. A.) 257 F. 514, and Id., 255 U. S. 398, 41 S. Ct. 365, 65 L. Ed. 697, answers that a creditor's bill may be brought to accomplish such enforcement. In Lant v. Manley (C. C. A. 6th) 75 F. 627, 630, Judge Taft declared: "The bill is to be treated, then, as a bill in aid of complainant's execution at law."

In many states statutes have been enacted providing for supplementary proceedings in aid of an execution,—10 R. C. L. p. 1373; 23 C. J. 824,—intended to substitute for creditors' bills in aid of executions. Conditions might warrant the issuance of the writ of venditioni exponas. 23 C. J. p. 618; 3 Bouv. Law Dict. p. 3389.

But does this authorize garnishment? "The process of garnishment is founded directly upon the writ of attachment as by custom of London"; "As affects the garnishee, it [garnishment] is in reality a suit by the defendant in the plaintiff's name." "It is essentially a legal remedy." 2 Bouv. Law Dict. p. 1335. A like statement is found in Bucyrus v. McArthur (D. C.) 219 F. 266 (headnote 2): "Attachment is purely a statutory remedy, entirely unknown to the immemorial practice or usage of courts of equity, and is essentially a legal remedy, which in the absence of statutory authority is not available in equity."

Garnishment is purely a statutory remedy. 12 R. C. L. p. 776; 28 C. J. p. 27; Davis v. Millen, 111 Ga. 451, 452, 36 S. E. 803; Few v. Pou, 32 Ga. App. 620, 124 S. E. 372. In Georgia it is declared, in Dent v. Dent, 118 Ga. 853, 45 S. E. 680: "While ancillary to the main action, a garnishment proceeding is a distinct suit against a separate party, and for an entirely new cause of action." To like effect is Jones v. Maril, 19 Ga. App. 216, 91 S. E. 445.

This court has by rule of October 7, 1920, declared that the plaintiff "in all common law cases" is entitled to the process of garnishment as provided by section 915, Rev. St. There is no attempt by rules of this court to make available garnishment to aid in the collection of an execution for a fine or penalty.

The Pierce Case, supra, so far as it affects the question here at issue, decides nothing

more than that a creditor's bill may be brought to aid in the enforcement of an execution for a fine or penalty.

The result is that the motion to dismiss the garnishment proceedings must be sustained and an order will be taken accordingly.

In view of the foregoing it would be inappropriate to consider the question of the statute of limitations as applicable to the fine imposed in 1923.