**QUINN–MARSHALL CO. v. McDANIELS CO., Inc.**

No. 778.

District Court, M. D. North Carolina, Winston Salem Division.

Feb. 12, 1934.

E. C. Bivens, of Mount Airy, N. C., for creditors.

Benet Polikoff, of Winston Salem, N. C., for trustee.

L. C. McKaughan, of Winston Salem, N. C., referee.

HAYES, District Judge.

It appears from the evidence that the Quinn-Marshall Company and E. W. McDaniels organized a corporation and called it the McDaniels Company, Incorporated, and subscribed for $18,000 of capital stock; Quinn-Marshall taking $12,000 and E. W. McDaniels taking $6,000. This stock was paid for by the sale of stock of merchandise which was then owned by the Quinn-Marshall Company. McDaniels gave his individual note to Quinn-Marshall Company covering his subscription of $6,000 capital stock. This occurred in 1927. Later on the corporation was not doing so well, and McDaniels finally purchased the remainder of the stock from

Quinn-Marshall Company, obligating himself to pay between 35 and 40 per cent. of its face value for the last block of $6,000 stock. McDaniel's mother executed a note to him for the stock, and he indorsed the note to Quinn-Marshall Company. Payments were made on this note until the indebtedness was reduced to $1,500.55. In the summer of 1932 the Quinn-Marshall Company was pressing E. W. McDaniel for the payment of the balance of the note, and accepted checks from him executed in the name of the corporation in the sum of $500 each, payable in July, August, and September, 1932.

The petition in bankruptcy was filed in November, 1932. The corporation was largely indebted to wholesale houses for the purchase of its merchandise, which had been sold on a credit on the basis of the $18,000 paid-in capital stock.

■■■ The referee disposed of the case upon findings of fact that the corporation never did authorize its president and general manager to issue the checks on its account in payment of individual debts for the purchase of its capital stock. I not only ratify and approve the findings of fact by the referee, and his conclusions of law, but, from the evidence in the record, I find the further fact that the corporation was insolvent at the time these checks were signed by the president of the corporation; that they were given to a former stockholder for the purpose of paying the balance of the purchase price of the capital stock of the corporation which had been sold to the corporation's president, and that the transaction is void and the debt not provable in bankruptcy as against the creditors of the bankrupt. The principle is well established in this state that a stockholder cannot enforce, even against the creditors under a contract admittedly executed by it, an agreement to purchase his stock if it is not enforced before the corporation becomes insolvent. Fuller v. Motor & Tire Service Co., 190 N. C. 655, 130 S. E. 545. An insolvent corporation cannot buy its own stock. If it undertakes to do so, and the stockholder receives cash from it, it can be recovered by the receiver of the insolvent corporation. Heggie v. Building & Loan Association, 107 N. C. 581, 12 S. E. 275. A corporation cannot take its assets and retire its stock until it has first discharged all of its liabilities. Any agreement looking to this end is void as to creditors. Pender v. Speight, 159 N. C. 612, 75 S. E. 851. It is too well settled, to need the citation of authority, that the assets of a corporation are to be used in satis-faction of its debts before they can be distributed among the stockholders under any guise. Its assets cannot be depleted in the interest of the stockholders to the prejudice of the creditors. Warren County Co-op. Association Co. v. Boyd, 171 N. C. 184, 88 S. E. 153; Whitlock v. Alexander, 160 N. C. 465, 76 S. E. 538.

The petitioner relies on the case of Warren v. Littleton Orange Crush Bottling Company, 204 N. C. 288, 168 S. E. 226. This decision does not affect the result in the present case. That was a contract entered into by the president of a corporation for its benefit. In this case the contract is made by the president of an insolvent corporation for the benefit, not of the corporation itself, but of one of its stockholders and to the injury of its creditors. While the evidence in this case clearly shows that the checks were executed by the president of the corporation without any authority vested in him to do so, nevertheless, if he had been authorized to do it, it would be a nullity, in view of the insolvent condition of the corporation. If the payment had been made in cash and the trustee could recover it from the stockholders, certainly a court would not permit the checks to be paid and then require suit to be brought to recover the proceeds.

■■■ The assets of an insolvent corporation are subject to a trust for the benefit of its creditors which cannot be distributed in the interest of common or preferred stockholders. In re Fechheimer Fishel Co. (C. C. A.) 212 F. 357; Farmers' Loan & Trust Co. v. Missouri, I. & N. Ry. Co. (C. C.) 21 F. 264. Preferred stockholders of a corporation are not entitled to payments out of the corporation's assets in bankruptcy until after the satisfaction of the corporation's debts. Spencer v. Smith, 201 F. 647 (C. C. A. Colorado). A contract between a corporation and one of its stockholders by which he is to receive any part of his stock before the payment of all corporate debts is contrary to public policy and void. Ellisworth v. Lyons (C. C. A.) 181 F. 55; Hazel Atlas Glass Company v. Van Dyk & Reeves (C. C. A.) 8 F.(2d) 716, 721; Sullivan v. Portland & Kennebeck Ry. Co., 94 U. S. 807, 24 L. Ed. 324; Lincoln Theatres Corporation v. Fleming (C. C. A. 4) 66 F.(2d) 441.

■■■ The decisions of the United States Supreme Court declare the same general principles. The incurring of debts by a corporation gives rise to a contract with the creditors that the capital stock therein be not withdrawn or applied otherwise than upon

their demand until all creditors are satisfied. Sanger v. Upton, 91 U. S. 56, 23 L. Ed. 220. Capital stock of an insolvent corporation is assets of the corporation to be used in the payment of its debts and to the exclusion of its stockholders. Washburn v. Green, 133 U. S. 30, 10 S. Ct. 280, 33 L. Ed. 516. When the assets of a corporation are insufficient to pay its debts, creditors are entitled to have them dealt with as a trust fund and distributed among them according to their rights and priorities. Price v. United States, 269 U. S. 492, 46 S. Ct. 180, 70 L. Ed. 373. A corporation cannot disable itself from responding by distributing its assets among its stockholders and leaving its creditors unsatisfied. Such claims can be satisfied out of the assets in the hands of the stockholders. Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 65 L. Ed. 697. Claims of stockholders, as such, whether common or preferred, on the corpus of the property of the company in which they are stockholders, do not arise until the debts of the company are paid. Warren v. King, 108 U. S. 389, 2 S. Ct. 789, 27 L. Ed. 769.