**SHILMAN v. UNITED STATES et al.**

District Court, S. D. New York.

May 5, 1947.

William L. Standard, of New York City (Herman Rosenfeld and Ruth H. Saslo, both of New York City, of counsel), for libelant.

John F. X. McGohey, U. S. Atty., of New York City (Eugene F. Russell, Jr., Sp. Atty., Department of Justice, of New York City, of counsel), for respondents.

COXE, District Judge.

This is a suit in Admiralty to recover the sum of $200 alleged to be due and owing to the libelant as a balance of wages earned as a seaman on the S/S "Eli Whitney," a merchant vessel of the United States.

The facts in the case have been stipulated, and may be summarized briefly as follows:

At all material times the S/S "Eli Whitney" was owned by the respondent, United States, and operated by the respondent, Grace Line, Inc., as agent for the United

States under a general service agency agreement in connection with the war operations in North Africa. The libelant joined the vessel at New York on May 25, 1943, as a wiper, and served in that capacity until August 1, 1943. His earned wages during that period amounted to the sum of $406.86.

On July 31, 1943, while the vessel was at the Port of Tunisia, North Africa, an active theatre of war, the libelant was arrested by United States Army personnel and imprisoned on a charge of violating the 93rd Article of War, 10 U.S.C.A. § 1565, in having stolen property belonging to the French Navy. He was thereafter tried and convicted by a special Army court martial convened at Bizerte, Tunisia, and sentenced to confinement for a period of three months and to pay a fine of $200 to the United States. He served his term of imprisonment, but did not pay his fine.

During the libelant's confinement, the purser of the vessel and the War Shipping Administration port representative sought to pay the libelant his earned wages, less the amount of the fine, but this was refused. After the completion of his sentence, the libelant returned to the United States and was paid by the respondent, Grace Line, Inc., the sum of $206.86, being the entire balance of his earned wages after deducting the amount of the fine, and this sum was accepted by the libelant without protest.

1. The military court martial clearly had jurisdiction under the 2nd Article of War, 10 U.S.C.A., § 1473(d), to render judgment imposing a fine against the libelant, (In re Berue, D.C., 54 F.Supp. 252; McCune v. Kilpatrick, D.C., 53 F.Supp. 80; Perlstein v. United States, 3 Cir., 151 F.2d 167, and the judgment is not open to attack in this Court. United States ex rel. Innes v. Crystal, 2 Cir., 131 F.2d 576, certiorari denied 319 U.S. 755, 63 S.Ct. 1164, 87 L.Ed. 1708.

2. The question remains whether the amount of the judgment could be set off against the libelant's claim for wages. The judgment constituted a debt of the libelant to the United States (Pierce v. United States, 255 U.S. 398, 41 S.Ct. 365, 65 L.Ed. 697), and the libelant's claim for wages was an indebtedness of the United States. These were mutual debts which could be offset against each other. Barry v. United States, 229 U.S. 47, 33 S.Ct. 681, 57 L.Ed. 1060. See also 31 U.S.C.A. § 227. The recent decision in Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534, cited by the libelant, contains nothing to the contrary; it merely held that a seaman could maintain an action for damages for personal injuries under the Jones Act against the agent of the United States operating a vessel under a general service agency agreement.

But the libelant insists that the wages of a seaman are not subject to setoff under 46 U.S.C.A., §§ 599 and 601. Sec. 599 prohibits the payment of seamen's wages before they are earned. It also authorizes the making of allotments among persons in specified classes. See Patterson v. The Eudora, 190 U.S. 169, 23 S.Ct. 821, 47 L.Ed. 1002. Sec. 601 prohibits the assignment of future wages except in the limited cases of allotments, and provides that wages shall not be subject to attachment or arrestment. See Wilder v. Inter-Island Steam Nav. Co., 211 U.S. 239, 29 S.Ct. 58, 53 L.Ed. 164. Neither of these sections prohibits such a setoff as involved in the present suit. I hold, therefore, that the respondent, United States, was entitled to set off against the libelant's earned wages the amount of the judgment for the fine. See 40 Op. Atty. Gen. 1337; Ciano, The, D.C., 58 F.Supp. 65, 1944 A.M.C. 1337.

The libel is accordingly dismissed, without costs.