Willie MAGEE, Jr., Plaintiff–Appellant, Cross–Appellee,

v.

UNITED STATES LINES, INC., Defendant–Appellee, Cross–Appellant.

No. 1724, Dockets 92–7171, 92–7285.

United States Court of Appeals, Second Circuit.

Argued June 23, 1992.

Decided Sept. 28, 1992.

Edward M. Katz, New York City (Phillips Cappiello Kalban Hofmann & Katz, of counsel), for plaintiff-appellant-cross-appellee.

Philip S. LaPenta, New York City (Kevin P. Walters, Healy & Baillie, of counsel), for defendant-appellee-cross-appellant.

Before VAN GRAAFEILAND, NEWMAN and KEARSE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

On December 2, 1991, following a seven-day jury trial before Judge Restani in the Southern District of New York, the jury

awarded Willie Magee, Jr. $411,438 less 6 percent for contributory negligence because of injuries sustained by Magee on May 31, 1986 while working on a United States Lines, Inc. ship. During the trial, the parties agreed that the matter of prejudgment interest would be decided by the court rather than the jury. Because Judge Restani gave counsel an opportunity following the verdict to brief the controversial issue of prejudgment interest, judgment was not entered until January 8, 1992. The judgment was in the amount of $386,751.72 ($411,438 less 6 percent) and did not contain an award of prejudgment interest.

On February 6, 1992, Magee filed a notice of appeal from "so much of the Final Judgment of the District Court as denied plaintiff prejudgment interest entered in this action on the 8th day of January, 1992." Twenty-one days later, on February 27, 1992, the district court issued an order directing that "for purposes of calculating postjudgment interest only, the judgment entered on January 8, 1992 shall be entered *nunc pro tunc* as of December 3, 1991." On March 10, 1992, United States Lines, Inc. cross-appealed from the February 27 order. For the reasons that follow, we vacate the portion of the January 8, 1992 judgment that denied recovery of prejudgment interest and the entire decretal portion of the February 27 order.

## PREJUDGMENT INTEREST

■ In seeking an award of damages, Magee asserted claims for unseaworthiness under the general maritime law and for negligence under the Jones Act, 46 U.S.C.App. § 688. An award under the former may be augmented with prejudgment interest, *Petition of the City of New York*, 332 F.2d 1006, 1007–08 (2d Cir.), *cert. denied*, 379 U.S. 922, 85 S.Ct. 277, 13 L.Ed.2d 335 (1964); an award under the latter generally may not, *Moore–McCormack Lines, Inc. v. Richardson*, 295 F.2d 583, 592 (2d Cir.1961), *cert. denied*, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962). Following an appropriate charge on the two theories of liability, the jury responded in the affirmative to the following special interrogatories:

6. Do you find that with respect to the claimed incident of May 31, 1986 that the plaintiff has established by a fair preponderance of the evidence the elements of his claim of negligence under the Jones Act?

7. Do you find that with respect to the claimed incident of May 31[,] 1986 that the plaintiff has established by a fair preponderance of the evidence his claim of an unseaworthy condition of the ship, its equipment or crew?

The question on which Judge Restani sought enlightenment from counsel was whether, in view of the form of the jury verdict, *i.e.*, full recovery without apportionment between the two theories of liability, prejudgment interest could be awarded under the general maritime law. Relying principally on Fifth Circuit authority, *e.g.*, *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 378 (5th Cir.1989), Judge Restani held that it could not. The Sixth Circuit appears to follow the Fifth Circuit's lead on this issue. *See Petersen v. Chesapeake & Ohio Ry. Co.*, 784 F.2d 732, 741 (6th Cir.1986). However, with all due respect for our learned colleagues in these two circuits, we reach a different conclusion in the instant case.

■ Maritime injuries are not the only torts for which recovery may be had under separate theories of liability, only one of which provides for prejudgment interest. In such cases, where only a single award of damages, not segregated into separate components, is made, the preferable rule, we think, is that the successful plaintiff be paid under the theory of liability that provides the most complete recovery. *See, e.g.*, *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 695 (2d Cir.1983) (federal securities law and common law fraud and misrepresentation); *Foley v. City of Lowell, Mass.*, 948 F.2d 10, 17 (1st Cir.1991) (federal and state civil rights claims); *Doty v. Sewall*, 908 F.2d 1053, 1063 (1st Cir.1990) (fair representation claim under Labor–Management Reporting and Disclosure Act and state civil rights law).

We consistently have held that "in admiralty cases prejudgment interest 'should be granted in the absence of exceptional circumstances.'" *Ingersoll Milling Mach. Co. v. M/V Bodena*, 829 F.2d 293, 310 (2d Cir.1987) (quoting *Mitsui & Co. v. American Export Lines*, 636 F.2d 807, 823 (2d Cir.1981)), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 860 (1988); *Independent Bulk Transp. v. Vessel "Morania Abaco"*, 676 F.2d 23, 25 (2d Cir.1982); *see also* general discussion of prejudgment interest in *Wickham Contracting Co. v. Local Union No. 3, IBEW*, 955 F.2d 831, 833–36 (2d Cir.1992). Where, as here, there are no exceptional or extraordinary circumstances which militate against an award of prejudgment interest on the maritime claim, plaintiff is entitled to have interest included in his recovery. *See, e.g., McCrann v. United States Lines, Inc.*, 803 F.2d 771, 772, 774 (2d Cir.1986); *Sauers v. Alaska Barge and Transp., Inc.*, 600 F.2d 238, 242–43, 248 (9th Cir.1979). By now, it appears to be well recognized that a Jones Act count and an unseaworthiness count are "Siamese twins", Gilmore & Black, *The Law of Admiralty* 383 (2d ed. 1975), and that "[s]ince the recovery is the same under either count, the question whether [plaintiff] recovers for negligence or for unseaworthiness is hardly worth asking." *Id.* at 389. There is little reason, therefore, for denying plaintiff recovery of interest on his maritime claim.

■ The district court instructed the jury to discount its award for future losses back only to the time of trial. Accordingly, prejudgment interest cannot be awarded for that portion of the jury's award representing postjudgment losses. *Woodling v. Garrett Corp.*, 813 F.2d 543, 560 (2d Cir. 1987). Upon remand, the district court should award prejudgment interest for past losses as found by the jury up to January 8, 1992, the date on which judgment was entered.

## POSTJUDGMENT INTEREST

■ Judgments did not bear interest under the common law. *Pierce v. United States*, 255 U.S. 398, 406, 41 S.Ct. 365, 368, 65 L.Ed. 697 (1921). To determine whether postjudgment interest should be awarded, we must examine a pertinent statute, in this case 28 U.S.C. § 1961. Section 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of the judgment." Both the Supreme Court and this court have construed this section in a literal manner. *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990); *Chemical Bank & Trust Co. v. Prudence–Bonds Corp.*, 213 F.2d 443, 445 (2d Cir.), *cert. denied*, 348 U.S. 856, 75 S.Ct. 80, 99 L.Ed. 674 (1954); *Briggs v. Pennsylvania R. Co.*, 164 F.2d 21, 23 (2d Cir.1947), *aff'd*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). In *Kaiser, supra*, the Supreme Court rejected the argument, which the district court herein apparently found persuasive, that under equitable principles postjudgment interest should be computed from the time that the court might have entered judgment, *i.e.*, promptly following the jury's verdict:

> Both the original and the amended versions of § 1961 refer specifically to the "date of judgment," which indicates a date certain. Neither alludes to the date of the verdict, and there is no legislative history that would indicate congressional intent that interest run from the date of verdict rather than the date of judgment. Even though denial of interest from verdict to judgment may result in the plaintiff bearing the burden of the loss of the use of the money from verdict to judgment, the allocation of the costs accruing from litigation is a matter for the legislature, not the courts. See *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 271 [95 S.Ct. 1612, 1628, 44 L.Ed.2d 141] (1975). In light of the plain language and the absence of legislative intent to the contrary, we conclude that postjudgment interest properly runs from the date of the entry of judgment.

494 U.S. at 835, 110 S.Ct. at 1576.

We do not approve of the district court's device of creating a make-believe date of

entry whose sole purpose was to avoid the clear intent of section 1961 and thus the uniformity the section was intended to create. " 'By linking all post-judgment activity to the entry of a judgment, the courts have been provided a uniform time from which to determine post-judgment issues.' " *Id.* (quoting Comment, Post–Judgment Interest in Federal Courts, 37 Emory L.J. 495, 499 (1988)). As properly interpreted, section 1961 creates a logical uniformity—prejudgment interest where appropriate is awarded up to the date of judgment; post-judgment interest then takes over. If, as we now hold, plaintiff is entitled to prejudgment interest on his maritime claim up to January 8, 1992, he would, under the district court's holding, be entitled to receive double interest from December 23, 1991 to January 8, 1992.

Apparently recognizing the anomaly that thus would result, appellant's counsel adopted the practice of using the terms "pre-verdict interest" and "prejudgment interest" interchangeably throughout his brief, a usage that is jarringly inappropriate and without authority in any of the cases cited by counsel. "Prejudgment interest" is an accurately descriptive phrase; it means interest accrued up to the time that judgment is entered. *See Shu–Tao Lin v. McDonnell Douglas Corp.,* 742 F.2d 45, 51 (2d Cir.1984); *Martin v. Walk, Haydel & Assocs., Inc.,* 794 F.2d 209, 212 (5th Cir.1986).

Because we are modifying the district court's judgment and directing the entry of a judgment for money, Fed.R.App.P. 37 authorizes us to instruct the district court concerning the allowance of interest. Although we are not required to follow the mandate of section 1961 which also is referred to in Rule 37, we see no reason to depart from its obvious purpose. Accordingly, we vacate the district court's order of February 27, 1992 directing *nunc pro tunc* judgment entry as of December 3, 1991, and direct that postjudgment interest be computed as of the actual date of judgment entry, January 8, 1992.

Judgment and order vacated and the matter remanded to the district court for further proceedings in accordance with this opinion.