**James MOSELY**

v.

**Gerald CASSIDY, Evidence Custodian, Phila. Police Dept., Police Administration Bldg.**

Civ. A. No. 94–0591.

United States District Court, E.D. Pennsylvania.

Feb. 2, 1994.

James Mosely, pro se.

## MEMORANDUM

KATZ, District Judge.

Mr. Mosely's complaint alleges that the named defendant was a witness in a prior civil case which was tried before this court and that the witness committed perjury at that trial. Specifically, the complaint states:

On Nov. 3, 1993 the above defendant attended a civil trial as a police expert witness in U.S. Dist. Court in room 13B, before Hon. Marvin Katz, etc. This individual Gerald Cassidy perjured his testimony before a jury and the courts giving misinformation to me, and the jurors testifying under oath that he give facts; that my money is in the bank, and that the city designates and that the money is still there waiting for me to pick up etc. The Honorable J. Papalene forfeited my personal money to the Commonwealth in Common Pleas Court Civil Division several months before his perjured testimony was maliciously and intentionally given to the District Courts as his facts.

As the court stated in *Brawer v. Horowitz,* 535 F.2d 830, 836 (3d Cir.1976):

Common-law witness immunity extends back to Lord Mansfield's comprehensive 1772 formula: "Neither party, witness, counsel, jury nor judge can be put to answer, civilly or criminally for word spoken in office." *See Veeder, Absolute Immunity in Defamation: Judicial Proceedings,* 9 Colum.L.Rev. 463, 474 (1909). While on the New York Court of Appeals, Cardozo embraced Lord Mansfield's formulation; Augustus Hand described it as "practically the universal rule in this country." *See Sacks v. Stecker,* 50 F.2d 73, 75 (2d Cir. 1932). *See generally* 1 F. Harper & F. James, The Law of Torts § 5.22, at 423–26 (1956) [hereinafter cited as Harper &

James]. Witness immunity is firmly bottomed in public policy:

> The function of witnesses is fundamental to the administration of justice. The court's judgment is based on their testimony and they are given every encouragement to make a full disclosure of all pertinent information within their knowledge. They are, of course, subject to the control of the trial judge and are subject to contempt citation for misbehavior in the exercise of the privilege and to prosecution for perjury if convicted of knowingly giving false testimony.

This view is consistent with the holding of most courts that law enforcement personnel giving perjurious testimony are not liable under § 1983. As the court stated in *Landrigan v. City of Warwick,* 628 F.2d 736, 746 (1st Cir.1980):

> Most courts, when confronted with the question whether law enforcement personnel giving perjurious testimony are liable under section 1983, have concluded they are not. *See,* e.g. *Myers v. Bull,* 599 F.2d 863, 865 (8th Cir.1979), *cert. denied,* 100 S.Ct. 213, 444 U.S. 901, 62 L.Ed.2d 138; *Burke v. Miller,* 580 F.2d 108, 109 (4th Cir.1978), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1268, 59 L.Ed.2d 487 (1979); *Blevins v. Ford,* 572 F.2d 1336, 1338 (9th Cir.1978); *Bennett v. Passic,* 545 F.2d 1260, 1263–64 (10th Cir.1976); *Brawer v. Horowitz,* 535 F.2d 830, 836–37 (3d Cir.1976); *Smith v. Sinclair,* 424 F.Supp. 1108, 1113 (W.D.Okla.1976); but *see Briggs v. Goodwin,* 569 F.2d 10, 26 (D.C.Cir.1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); *Spears v. Conlisk,* 440 F.Supp. 490 (N.D.Ill.1977).

### ORDER

**AND NOW,** this 2nd day of February, 1994, it is hereby **ORDERED** that the Petition for Leave to Proceed *In Forma Pauperis* is **GRANTED** and the complaint is **DISMISSED** as frivolous.