### DELAWARE & HUDSON CO. v. COMMISSIONER OF INTERNAL REVENUE

(two cases).

No. 383.

Circuit Court of Appeals, Second Circuit.

June 5, 1933.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Montgomery B. Angell, H. T. Newcomb, and Marion N. Fisher, all of New York City, of counsel), for appellant.

Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank D. Strader, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The question presented by this appeal, stripped of confusing details, is as follows: During the years 1922 and 1923, a number of companies were affiliated under section 240(b) of the Act of 1921 (42 Stat. 260). Most of the affiliates had net losses in their incomes for 1922, which they were entitled to carry over to the year 1923 under section 204 (b), 42 Stat. 231. The carried over loss in one instance was more than enough to cancel the income of that affiliate for the year 1923, thus leaving a minus quantity which under section 204(b) the affiliate, had it stood alone, would have been obliged to carry over to the year 1924. Others suffered losses in both years. The affiliated group sought to use as a deduction in the group return for 1923, the combined losses of those who had lost in both years, and the excess of the loss in 1922 over the income for 1923 of that affiliate which had had an income for 1923. The Commissioner found the income of the group by allowing only the losses suffered in 1923, re-

fusing to allow any of the carried over losses, though he allowed that affiliate which had had a loss in 1922 to deduct it from its income in 1923 so far as it could be so absorbed. The group, which for the purposes of this case is to be treated as the taxpayer, insists that the losses for 1922 shall be brought into hotchpot, along with the losses for 1923. The Board affirmed the Commissioner; this appeal followed.

The case is ruled by Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128, unless it be a critical difference that the loss there sought to be carried over happened in a year preceding affiliation. The ratio decidendi of that decision forbids such a distinction. It was that section 206 (b) 1926, 26 USCA § 937(b) (the identical successor of section 204(b) of 1921), did not allow the summation of a carried over loss with a loss in the succeeding year. There is no such thing as a "minus income," and the carried over loss must be deducted from "income." This would cover such of the affiliates at bar as had suffered losses in both years. Apparently it would not cover that which had an income in 1923. Yet it is hard to suppose that there is a difference depending upon the existence of any income, however small, in the later year. However that may be, the rest of the reasoning applies to the affiliate which had an income in 1923. Section 206(b), 26 USCA § 937(b) declared that any excess of the carried over loss which was not absorbed by the income for the second year should be applied to the third year; and, since there was no suggestion that it could be used otherwise, it must be so used or not at all. This prohibited its use as an item in the consolidated return of the group. Again, the section allowed the deduction only to a taxpayer, and the group is not a taxpayer; the fixed policy of Congress being to assess separately the income of each year, any one who seeks to mingle the income of two years must show express warrant. Finally, though the affiliate is allowed to deduct a loss for a past year, as an item in computing its income for the current year, and under section 234 (26 USCA § 986) this item might be regarded like any other loss, nevertheless section 206(b) forbade the assimilation of the carried over loss with the current loss by prescribing how the carried over loss should be used.

So far it is apparent that the reasoning applies pari passu to a case where the carried over loss is from a year when the companies were affiliated. In either case section 206(b) directs the use to be made of any excess, and the carried over loss is as much

and as little an item in the taxable income of the affiliate as a loss suffered in the second year. There seems therefore to be no ground for distinguishing between the two situations, and if the reasoning is to be taken as general at all, the case at bar falls within it. There is added reason for this conclusion in the approval of Swift & Co. v. U. S. (Ct. Cl.) 38 F.(2d) 365, which concerned the carrying back of a loss from one affiliated year to an earlier.

However, the last ground of the opinion was the practical one that an opposite construction would permit of easy abuse, an abuse prevented by the regulations under the Act of 1928 (Regulations 75, art. 41). A company might buy up a derelict company merely to use its losses. No doubt courts will often construe language with an eye to the result; we do not wish to minimize the importance of that canon of interpretation. Moreover, the evil here in question could not arise in the case of losses carried over from an affiliated year. But this ground of the decision was rather a makeweight than its foundation. The earlier reasoning we must assume to have been seriously intended in its general terms, a deduction from the expressed intent of the statute; we do not feel free to discard it and make the decision depend only upon the possibility of abuse. The deliberate construction put upon the language we must take as it reads, until we are advised that it was not broadly intended. It is indeed possible to look at the situation differently; to say that Congress meant the group to be taken as an entity for all purposes, including the privilege of pooling its losses for three years. In that view, section 204(b) of 1921 would be read as no more than a provision for computing income; when the "taxpayer" for computing purposes is the group, as under section 240(b) it is, the section would not be understood verbally, but through its purpose. The provision that the excess is to be carried over to the third year would also be understood in the same sense. While, therefore, it is possible so to construe the language, it has not been so construed. If, as we are admonished, there must be imperative language to avoid the underlying policy that each year's income shall be assessed separately, such language is absent. A taxing system so detailed and particular as ours does not admit of the same flexibility of interpretation as one in more general terms. Perhaps its very refinement may defeat its purposes; elaboration often does. But the more articulate the expression, the less room remains for intendment beyond

the words used. This is the penalty inherent in a progressive specification of any general meaning; what is left out is not to be supplied. We recognize the force of the departmental construction which prevailed before Swift & Co. v. U. S., supra (38 F. (2d) 365), but again that is not final. It seems to us that without disregarding the necessary implications, indeed the express declarations, of the Supreme Court, we cannot hold that such losses may be brought into hotchpot.

Order affirmed.