## BENEFICIAL LOAN SOC. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5093.

Circuit Court of Appeals, Third Circuit.
June 8, 1933.

Jackson R. Collins, of New York City, for petitioner.

Sewall Key and Wm. Cutler Thompson, Sp. Assts. U. S. Attys., both of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. R. Lansford, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The case is submitted upon an agreed stipulation of facts. The petitioner, a Delaware corporation, was organized in 1913 and was thereafter engaged in the business of making industrial loans. During the years 1923, 1924, and 1925, it conducted its business in various localities through subsidiary companies, some of which were incorporated and others unincorporated. The affiliated group, consisting of the petitioner, its branches, and subsidiaries, received dividends during the fiscal year ending January 31, 1923, aggregating $229,509.13, of which $73,408.36 was from sources outside of the affiliated group and $156,100.77 from members within the group. The parties agreed that the entire tax should be assessed against the petitioner and that no allocation thereof, as provided by section 240 (b) of the Revenue Acts of 1924 and 1926 (26 USCA § 993 (b), need be made. The petitioner, the parent corporation, incurred a substantial operating loss during each of the fiscal years 1923, 1924, and 1925, irrespective of adjustments for dividends received from affiliated corporations.

The Commissioner contended that deductions from the net income for the fiscal year 1924 of losses sustained in the prior year should be restricted to that corporation which actually sustained the loss. It was agreed by the parties that, if the Commissioner were upheld in this contention, a consolidated net income of $9,192.88 would be proper for the fiscal year 1924 and $243,076.58 for the fiscal year 1925. Upon the basis of these net incomes, deficiencies in the sum of $899.11 for 1924 and $15,853.87 for 1925 were ultimately determined. Separate appeals involving these deficiencies in corporate income taxes for 1924 and 1925 were filed with the Board of Tax Appeals.

The Board of Tax Appeals held that the statutory net loss for 1923 of each of the affiliated corporations must be computed separately and that the net loss thus computed could only be applied against the net income, if any, of the same company during 1924 or 1925. The petitioner contended that the group net loss for 1923 should be deducted from the consolidated net gain for 1924 without reference to the individual gains or losses of the corporate affiliates. If the petitioner can sustain its claim for allowances in 1924 and 1925 for losses incurred in 1923, it must be by virtue of section 206 (b) of the Revenue Acts of 1924 and 1926 (26 USCA § 937 (b). This section provides: "If, for any taxable year, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year') and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year'); the deduction in all cases to be made under regulations prescribed by the commissioner with the approval of the Secretary."

Under this section the losses sustained by the petitioner in 1923 might have been deducted from its own net income in 1924 and might thereafter, if not extinguished, have been deducted to the extent of the excess from its own 1925 net income. Since the business operation of the petitioner in 1924 and 1925 produced a statutory net loss rather than a net income, there was nothing from which losses sustained in a prior year could be deducted. The method contended for by the petitioner is to have all the net losses of the corporate affiliates added and the total loss assigned by the company suffering the loss as an allowance to the company or companies of the affiliated group realizing gains. The answer to this contention is that the wording of the statute, quoted above, under which the allowance is claimed by the petitioner, directs that the excess of the net loss be absorbed by the income of a later year

earned by the taxpayer; that is, the corporation which had previously sustained the loss.

The Supreme Court in Woolford Realty Co., Inc., v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128, held that under the 1926 Revenue Act net losses of a member of an affiliated group, suffered prior to affiliation, may be applied in the computation of consolidated net income only if, and to the extent that, the member suffering the net loss has a net income for the taxable year. We think the ruling in the Woolford Case is decisive of the case at bar. The opinion of the Supreme Court clearly indicates that, unless the operations of the taxable year resulted in income, nothing is available to which the net loss of a prior year may be applied.

The judgment of the Board of Tax Appeals is affirmed.