H. S. Paulus, Petitioner, et al.,[1] *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 67394–67403.　Promulgated May 2, 1934.

*Camden R. McAtee, Esq.*, for the petitioners.
*John H. Pigg, Esq.*, and *John W. Smith, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: M. C. Driscoll; L. W. Sheckles; W. A. Carnes; Peck Welhausen; Woodring-Meyer Lumber Company; S. A. Carnes; Celia Fetterly; C. C. Welhausen; and M. A. Meyer, Executor, Estate of Lena R. Levy.

610

612

## OPINION.

LANSDON : The petitioners contend that the sale here in issue was of their stock in the Yoakum Co. and not of the corporation's assets. All written records of that transaction, including the deed, identify assets and not stock as the subject matter of sale, and these records are controlling here. *George M. Brady*, 22 B.T.A. 596; *Southern Ice & Fuel Co.*, 10 B.T.A. 1213.

The petitioners make much of the terms of the agreement which gave the purchaser the right to require a transfer of all issued stock " in lieu of " the physical properties; but the record shows that that option was not exercised and also that in fact no stock certificates were transferred to the purchasing corporation. It also shows that the petitioners retained control of the Yoakum Co. and all of its affairs to the date of its dissolution; and that after dissolution they distributed its remaining assets among themselves.

Based upon the only competent evidence in the record, we hold that the petitioners are transferees of the assets of the Yoakum Co., within the provisions of section 311 of the Revenue Act of 1928, and affirm the determination of the respondent. *John Gerosa*, 21 B.T.A. 1234; *Frank Shlaudeman*, 21 B.T.A. 605; *J. W. Oglesby, Jr.*, 16 B.T.A. 1191.

The petitioners next contend that the respondent has failed to show his inability to collect the tax from the defunct corporation. The record shows that at the time this tax deficiency was determined the Yoakum Co. had distributed its assets and ceased to exist. The petitioners, however, refer to the fact that some part of the corporation's assets remained in the hands of their trustees at the time of and after the deficiencies were determined and argue that it was the respondent's duty to levy on this fund on deposit in the bank. We are unable to see how such action would have changed the status of the petitioners as transferees of their corporation's assets. At the time referred to the corporation had vanished from the picture and the trustees in charge held its remaining assets for the sole benefit and use of the stockholders. There was no duty resting upon the respondent to pursue the method of collection suggested by the petitioners' representative. We see no merit in this last contention. The method followed by the respondent was in accordance with law and is therefore approved.

One other assignment of error, which all petitioners have pleaded in their petitions, remains to be disposed of. The substance of it is that the respondent was and is without right to make the disputed assessments against them because, as alleged in the pleadings, " respondent heretofore held there was no deficiency against said corporation and, consequently, none to be determined against this petitioner as alleged transferee." The records show no effective closing of the dissolved corporation's tax account prior to the final audit here complained of. Cf. *James Couzens*, 11 B.T.A. 1040; *Oak Worsted Mills* v. *United States*, 36 Fed. (2d) 529. The challenged deficiencies were timely determined and in accordance with the statutory provisions pertaining thereto.

Because of a prior adjudication in bankruptcy of petitioner M. C. Driscoll, Docket No. 67394, and stipulations made between attorneys for respondent and petitioners, the appeal in that case is dismissed from consideration in these proceedings.

*Decision will be entered for the respondent.*