## SEIBERLING RUBBER CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6410.

Circuit Court of Appeals, Sixth Circuit.
May 8, 1934.

TAYLOR, District Judge, dissenting.

Robert Guinther, of Akron, Ohio, and Frederick L. Pearce, of Washington, D. C. (George M. Morris, of Washington, D. C., Slabaugh, Seiberling, Huber & Guinther, of Akron, Ohio, and KixMiller, Baar & Morris, of Washington, D. C., on the brief), for petitioner.

J. M. Hudson, of Washington, D. C. (Sewall Key, Hayner N. Larson, C. M. Charest, and J. M. Leinenkugel, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN and HICKS, Circuit Judges, and TAYLOR, District Judge.

MOORMAN, Circuit Judge.

During the years 1922 and 1923 the petitioner, a Delaware corporation, was affiliated with the Portage Rubber Company and the Lehigh Rubber Company within the meaning of section 240 (c) of the Revenue Acts of 1921 and 1924 (42 Stat. 260; 43 Stat. 288 [26 USCA § 993 note]). The affiliates filed a consolidated income tax return for those years. In 1922 each of them sustained a loss. In 1923 the petitioner made a profit, but each of the other two affiliates sustained a loss. On February 18, 1924, the Seiberling Rubber Company, an Ohio corporation, was brought into the affiliation. In 1924 the Portage and Lehigh companies had net losses, but the petitioner had a net income of $291,395.32 and the new Ohio corporation had a net income of $713,427.26. In the 1924 consolidated return the petitioner deducted the unabsorbed 1922 and 1923 net losses of the three original affiliates from the total net income of the group. The Commissioner disallowed the de-

ductions and made the deficiency assessment here in issue. The Board of Tax Appeals sustained the assessment, holding that under section 206 (b) of the Revenue Act of 1924 (43 Stat. 260, 26 USCA § 937 (b) a net loss suffered by an affiliate in a prior year may not be deducted from the total net income of the group or the net income of another affiliate for a subsequent year. 25 B. T. A. 234.

The ruling of the Board of Tax Appeals is in accord with Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128. The only difference between that case and the case at bar is that the loss there sought to be deducted was sustained by a corporation in the year preceding its affiliation, while the losses here claimed were sustained by corporations which were affiliated at the time. The court in that case did not, however, place its decision on the ground that the loss was sustained prior to the affiliation, but broadly held that the loss of one affiliate could not be set off against the net income of another in a subsequent year, pointing out that while it is proper for affiliated corporations to file consolidated returns, the tax, when computed, is assessed, in the absence of agreement to the contrary, upon the respective affiliates on the basis of the net income assignable to each, and that it was intended by the statute that the right to deduct a loss sustained by an affiliated corporation in an earlier year should be limited to the income of the corporation sustaining the loss. The doctrine thus announced has been accepted as the settled law [Delaware & Hudson Co. v. Commissioner, 65 F.(2d) 292 (2d C. C. A.); Beneficial Loan Soc. v. Commissioner, 65 F.(2d) 759 (3d C. C. A.)] and is controlling in the case at bar.

The Commissioner deducted from the petitioner's gross income a dividend of $600,000 which it received from the Ohio corporation in 1924. This he was required to do by statute. 26 USCA § 986 (a) (6). The result was a reduction in like amount of petitioner's net income, subject to absorption by its earlier losses. The petitioner contends that the dividend should be treated in its hands as earnings, because the Ohio corporation earned it by performing functions formerly performed by the petitioner. A sufficient answer to this is that the Ohio corporation was a separate entity and taxpayer, and that being so, there is no reason in fact or law why its income should be treated as the petitioner's income for the purpose of taxation.

The final contention is that the Board erred in denying the petitioner's request for

a rehearing. In the petition for rehearing the petitioner claimed that for the taxable years 1922, 1923, and 1924 it had used the plants of the Portage and Lehigh companies in its business, for which it had paid them nothing; and, further, that it had not charged the Ohio corporation for the use of its good will and certain facilities in selling its product. What it desired to do was to charge itself rent for plants belonging to the Portage and Lehigh companies and to charge the Ohio company $600,000, the amount of the dividend, for the use by that company of its facilities and good will. Thus it desired to make charges and payments for inter-company transactions in order to reduce the taxable income of the affiliation. The charges and payments were not in fact made and were only sought to be made for the purpose of gaining an advantage in taxation. In our view, the Board did not err in refusing to reopen the case to permit such action.

The order of the Board is affirmed.

TAYLOR, District Judge (dissenting).

I dissent from the result reached in this case because I believe petitioner should be given an opportunity to set up inter-company transactions which would reduce its apparent taxable income. It seems to me the disregarding of inter-company transactions by the taxpayer upon the idea that the affiliates would be treated as a unit by the Commissioner and later the Board of Tax Appeals has caused an inequitable result. The case should, in my opinion, be reopened so that the tax returns may be made to reflect all inter-company transactions, particularly those now reflected by the books of the affiliates, which would reduce the apparent income of petitioner.