## RUBEL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6531.

Circuit Court of Appeals, Sixth Circuit.
Dec. 4, 1934.

Henry Bentley, of Cincinnati, Ohio (Laurence Graves, of Washington, D. C., and Ike Lanier, of Cincinnati, Ohio, on the brief), for petitioner.

Helen R. Carloss, of Washington, D. C. (Frank J. Wideman, Sewall Key, and Carlton Fox, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The petition for review involves deficiencies for income taxes of the Avon Oil Company, a corporation, assessed against it for the years 1922 and 1923, and asserted to the extent of $1,325 against the petitioner, a stockholder therein, as a transferee of its assets. The petitioner complains that there was no substantial evidence to sustain the findings of the Board of Tax Appeals that he was a transferee, that the Board erroneously received in evidence against him testimony given upon another hearing in respect to the liability of other stockholders of the corporation for the same taxes, and erroneously denied his petition for rehearing.

The petitioner's liability as transferee of the corporation was asserted under authority of section 280 of the Revenue Act of 1926 (26

USCA § 1069). We had occasion in Fairless v. Commissioner, 67 F.(2d) 475, to consider the scope of that section in respect to corporation assets distributed to stockholders and, upon authority of Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289, we held them to be severally liable, upon dissolution or insolvency of the corporation, to the extent of the assets received under circumstances there involved for the payment of the corporation's taxes. We need not review the discussion there pursued.

The Avon Oil Company was organized in 1919, and acquired oil leases, the most important of which was a lease known as the Toney lease, sold in 1921 for $250,000. The property was repossessed by the corporation in June, 1924, and resold in November or December of that year for $20,000. At the time the company paid its last dividend on March 16, 1923, the Toney lease was its principal asset, and the officers advised the stockholders there would be no further dividends, and that the cash on hand would be held by them to satisfy the corporation's income taxes when finally determined. On the respondent's March, 1927, assessment list income taxes were assessed against the company for the year 1922 in the sum of $6,084.13, and for 1923 in the sum of $116.44. The company discontinued its business at the close of 1925, and its Oklahoma charter was suspended for failure to pay license fees on December 15, 1930. Its taxes for 1922 and 1923 have remained unpaid, and the collector's warrants of distraint unsatisfied.

Deficiencies were assessed by the respondent against the petitioner and eighteen other stockholders as transferees, and appeals taken to the Board of Tax Appeals. Upon the date set for hearing the petitioner did not appear. The Board, satisfied that the corporation was solvent at the time the 1923 dividend was declared, held that it was received without liability on the part of stockholders to answer for income taxes subsequently assessed, or for the insolvency which later resulted, and set aside the respondent's assessment as to all of the stockholders except the petitioner and two others. As to them it was held that a different situation existed; that they as officers of the company, instead of holding the avails of the resold Toney lease for the purpose of paying the company's taxes, had appropriated the money to their private use; that various amounts had been borrowed by each of the three officers, including the petitioner; and that by such borrowings the company had been stripped of its assets, leaving nothing from which the taxes could be satisfied.

At the hearing there was evidence that the petitioner had received $1,800 for the transfer of 50½ shares of stock of doubtful value to the president of the company out of a $2,000 loan made by the company to a second corporation, of which that officer was also the president, that the petitioner had received $2,400 for past services as secretary of the company, and had divided a $2,000 commission paid by the company to one Lee for the resale of the Toney lease. The Board concluded that these transactions lacked bona fides and constituted a distribution of corporate assets, regardless of their form.

In the light of the many cases decided by this and other courts dealing with the fact findings of the Board of Tax Appeals it is no longer necessary to demonstrate by citation that they are conclusive if there is substantial evidence to sustain them, and the general rule is applicable to cases involving liability of transferees. Phillips v. Commissioner, supra. We think the evidence before the Board reasonably warranted the inference that the loans made by the company to its officers and their mutual transactions were in effect a distribution of assets notwithstanding the forms under which they were conducted. Nor do we find ground for reversal in the Board's receiving in evidence a transcript of testimony taken on the same day in a collateral proceeding involving similar issues. The petitioner could have objected to this evidence had he been present, and if sustained it may be assumed that the witnesses who testified in the morning were still available in the afternoon. It is conceivable, however, that under these circumstances the petitioner might have made no objection. At any rate his substantial rights were no more affected by assuming a waiver of the hearsay character of the evidence through failure to appear than they would have been through assuming a waiver by silence if he were present, and no claim is made that he failed to receive timely notice of the hearing.

The contention that the Board abused its discretion in denying the petitioner's motion for rehearing necessitates consideration of the grounds upon which it was based, and the contents of the supporting affidavits. It was urged that since the respondent's deficiency letters, addressed to all stockholders, asserted deficiencies in amounts corresponding to their proportionate shares of the 1923 dividend, and since the respondent's answer to the petition for review to the Board of Tax

Appeals indicated a liability asserted against him as a stockholder, that the petitioner had a right to expect that no evidence would be received by the Board except that relating to the 1923 dividend, and that receiving evidence that the petitioner had otherwise withdrawn part of the company's assets, especially under circumstances which reflected upon his integrity, gave him no opportunity to defend, to cross-examine witnesses, or to introduce rebutting evidence, and so deprived him of a fair hearing, and that the Board, apprised of his complaint on that score, abused its discretion in denying his motion for rehearing.

There might be some justice in the petitioner's grievance, though this we do not decide, were it not for the fact that an analysis of the motion for rehearing and its supporting affidavits does not compel the conclusion that the Board should have arrived at a contrary decision had the evidence which the petitioner now offers to submit been received by it at the original hearing. The petitioner deposes in support of his motion that the amount he received from the sale of stock was $700, instead of $1,800, and that the number of shares was 79 instead of 50½. It is not denied, however, that the money received was part of a loan made by the company to its president, nor asserted that the stock had value at the time it was transferred. The petitioner further deposes that the $2,400 received by him as salary was in payment of a note which the company had given him for back salary, but no showing is offered that the salary was earned, or under what circumstances the note was given, and the assertion of the petitioner that he was secretary of the company in name only casts doubt upon the bona fides both of the note and its payment. The petitioner further deposed that the balance sheet of the company as of December 31, 1924, showed the Avon Oil Company to have net assets on that date in the amount of $20,965.05, from which he seeks to have it inferred that the company on that date was solvent and able to pay its taxes; but there is no offer of proof that the balance sheet accurately reflected the financial condition of the company at that date, that the receivables therein listed had substantial value and could be collected from solvent debtors. No explanation is offered by the petitioner as to the reason for his receiving half the commission paid to Lee for sale of the Toney lease when he was one of the officers of the company. We have repeatedly held that the findings of the Board of Tax Appeals are conclusive if the record does not clearly and convincingly require a contrary conclusion. If the evidence offered on the motion for rehearing does not meet this test, and we think it does not, we cannot say that the Board abused its discretion in denying the motion. Bankers' Coal Co. v. Burnet, 287 U. S. 308, 313, 53 S. Ct. 150, 77 L. Ed. 325, Seiberling Rubber Co. v. Commissioner, 70 F.(2d) 651, 653 (C. C. A. 6).

The decision of the Board of Tax Appeals is affirmed.