## TAYLOR–WHARTON IRON & STEEL CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5441.

Circuit Court of Appeals, Third Circuit.
Dec. 4, 1934.

Lawrence A. Baker, John A. Selby, and Henry Ravenel, all of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The consolidated income tax return filed by the parent of a group of affiliated corporations disclosed that certain of the affiliates had separately sustained losses which resulted in losses sustained by the group in 1924

and 1925. In 1926, the taxable year, the same affiliates again sustained losses; yet, after deducting them from profits made by other affiliates, the group made a gain. In determining the taxable gain, the petitioning taxpayer made an effort to carry forward as a unit and apply the consolidated net losses in 1924 and 1925 against the consolidated net gain in 1926 without reference to that year's gains or losses of the individual corporate affiliates. The Commissioner disallowed deductions of prior losses from the later gain. From an order of the United States Board of Tax Appeals affirming his decision, the matter is here on the taxpayer's petition.

We affirm the decision of the Board of Tax Appeals generally on the line of its own reasoning and particularly on authority of Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128, which was discussed and relied upon by the Circuit Court of Appeals for the Second Circuit in Delaware & Hudson Co. v. Commissioner, 65 F.(2d) 292, and by this court in Beneficial Loan Society v. Commissioner, 65 F.(2d) 759. The action of the Supreme Court in denying certiorari in these two cases, 290 U. S. 670, 54 S. Ct. 89, 78 L. Ed. 579 and 290 U. S. 677, 54 S. Ct. 101, 78 L. Ed. 584, while not officially significant, inclines us to the belief that the two courts properly understood the law of the Woolford Realty Co. Case and that this court is correctly applying it now.