## RAY W. TORREY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7012.

Circuit Court of Appeals, Sixth Circuit.

June 5, 1936.

John C. Bills, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long, of Detroit, Mich., and Homer J. McBride, of Flint, Mich., on the brief), for petitioner.

J. G. Remey, of Washington, D. C. (Robert H. Jackson and Sewall Key, both of Washington, D. C., on the brief), for respondent.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The Board of Tax Appeals sustained a determination of deficiency in income tax against petitioner in the amount of $1,133, for the taxable period June 1 to December 31, 1929. The return upon which the deficiency was computed was an amended return made upon the installment basis, and claimed a deduction of $88,006.61 as unearned profits. The original return for the same taxable period had claimed a similar deduction of $10,300. The Commissioner disallowed each of these deductions. He regarded the original return as made on the accrual basis and determined that since petitioner had elected to return on that basis it could not file an amended return on the installment basis. The Board of Tax Appeals decided that the petitioner was entitled to file its return on the installment basis, and stated that while the return was not technically correct under Regulations 74, Art. 351; section 44 (a) of the Revenue Act of 1928 (26 U.S.C.A. § 44 (a) and note), the record and the returns clearly establish that petitioner intended to and did file its original return for the taxable period in controversy upon the installment basis. The Board stated in its opinion, however, that on the record it was unable to give petitioner the relief sought because it was unable to determine that the correct tax liability properly computed on the installment basis would be less than that determined by the Commissioner, and that the record failed to establish the amount of installment payments actually collected during the taxable year on sales made during that year. The petitioner then moved to re-

open the record, averring that the schedule (Exhibit A), which gave in detail the information regarding unearned income derived from sales from June 1 to December 31, 1929, had been attached to the amended return filed with the Board of Tax Appeals, and had been lost through no fault of petitioner, so that it was not before the Board at the hearing. These averments are not controverted. A copy of Exhibit A was attached to the motion. It listed the sale contracts for the taxable period by number, showing cost and sales price, gave the total collections on each contract, calculated the proportion which the collections bore to the total profits, and computed earned income and deducted unearned income, that is to say, those profits which were to be paid during succeeding years. The Board refused to reopen the case upon the ground that the schedule was not in itself proof of the figures contained therein, and if made part of the record would not supply the deficiency in petitioner's proof. A supplement to the motion, offering to adduce further proof, was also denied.

The Board should have allowed the petitioner to introduce this evidence. It was not merely cumulative, nor was it such evidence that even if received it would compel a different result. Cf. Rubel v. Commissioner, 74 F.(2d) 27, 28 (C.C. A.6). The rules which are to govern the admission of evidence before the Board are the rules of common sense and fair play. B. F. Sturtevant Co. v. Commissioner, 75 F.(2d) 316 (C.C.A.1). Upon the question whether the petitioner had the right to make a return upon the installment basis, the Board agreed with the petitioner. The Board may require production of additional evidence when it appears that it cannot do justice to the taxpayer because of deficiencies in the record. Underwood v. Commissioner, 56 F.(2d) 67 (C.C.A.4). Here, as in that case, the information necessary to compute the unearned profits was readily obtainable from the same source as that from which the gross receipts of the taxpayer were ascertained. Notwithstanding the insufficient facts before it, the Board rendered a decision upon the merits. It could have and should have deferred its decision until the necessary information was presented. 26 U.S.C.A. § 1226 (b) [now § 641 (c) (1)]; Helvering, Commissioner, v. Rankin, Ex'r, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; General Utilities & Operating Co. v. Helvering, Commissioner, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. ——; Underwood v. Commissioner, supra.

The decision is reversed and the case is remanded to the Board of Tax Appeals with directions to reopen the case for the taking of further evidence and for the redetermination of petitioner's income for the taxable period in controversy.