### SHECKLES v. COMMISSIONER OF INTERNAL REVENUE, and eight other cases.

### Nos. 8134–8142.

Circuit Court of Appeals, Fifth Circuit.
June 30, 1937.
Rehearing Denied Aug. 13, 1937.

Camden R. McAtee, of Washington, D. C., for petitioners.

E. H. Horton, Norman D. Keller, Louise Foster, and Sewall Key, Sp. Assts. to the Atty. Gen., Robert H. Jackson and James W. Morris, Asst. Attys. Gen., Herman Oliphant, Gen. Counsel, Department of Treasury, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

These nine cases present identical issues and were consolidated for hearing on appeal. In each of them rulings of the Commissioner were affirmed. The errors assigned all run to the finding of facts by the Board of Tax Appeals. We refer to the reported opinion of the Board for the facts in detail, Paulus v. Commissioner, 30 B.T.A. 608. For the purpose of this decision it will be sufficient to briefly state the undisputed material facts common to all the cases, although there are slight but unimportant differences in some of them. These facts appearing from the record are as follows.

The Yoakum Ice Company, a Texas corporation, was engaged in the manufacture of ice and kindred activities at Yoakum, Tex. There were 550 shares of capital stock, of par value of $100, outstanding. In June, 1928, the company entered into an option agreement with Cammack & Co., a brokerage concern in Chicago, for the sale of all its physical assets, for $165,000 in cash, with the alternative provision that Cammack & Co. might receive the shares of stock outstanding, at $300 per share, in lieu of the physical assets. On execution of the option $10,000 was deposited with Buchel National Bank, selected as the escrow agent, and all the stock was deposited with this agent. Cammack & Co. elected to take the physical assets. A warranty deed was executed and delivered to South West Ice Company, conveying all the assets of the Yoakum Company, except cash on hand, bills and accounts receivable, fuel and feed for stock, etc. Liquidation of the retained assets realized about $14,-000, which was deposited in another bank to the credit of Sheckles and Carnes, respectively president and secretary of the Yoakum Company, as trustees for the stockholders. The balance of the purchase price of $165,000 was paid over to the escrow agent, the shares of stock deposited with it were canceled by it and returned to Sheckles, and the entire amount realized from the sale was distributed pro rata to petitioners. The Yoakum Company ceased active business after the completion of the sale. In filing its income tax returns for 1928, it did not report any profit on the sale of the assets. Later on the Commissioner determined a deficiency and made a jeopardy assessment of $15,600.55, with $1,792.99 interest, against the corporation. These acts of the Commissioner were timely. Distraint issued for this. The deputy collector having the writ for service was told by one Moore, representing petitioners, that there was a bank account for the stockholders of the Yoakum Company and invited him to levy upon it, in order to lay a basis for suit in a federal court, but did not tell him the amount on deposit. No attempt was made to levy upon the deposit and later the Commissioner assessed the deficiency pro rata against the stockholders as transferees, under the provisions of section 275 of the Revenue Act of 1928 (26 U.S.C.A. § 275 and note) and Treasury Regulations 74 promulgated under said section. At that time the balance to the credit of the stockholders had been reduced to about $7,000 and the corporation had been completely dissolved in quo warranto proceedings instituted by the Attorney General of Texas.

We agree with the conclusion of the Board that the transaction was a sale of the assets of the corporation and not a sale of the stock by the stockholders. It is therefore apparent that when the deficiency assessment was made against the corporation it had disposed of all its assets, the proceeds of which had passed to its stockholders, and it was insolvent. Distraint could not have run even against the small amount held by the trustees, Sheckles and Carnes. It follows that the assessments against the stockholders as transferees were valid. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

The petitions are denied, and the judgments of the Board are affirmed.