## CAIRE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8802.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1939.

Justin V. Wolff, of New Orleans, La., for petitioner.

Mills Kitchin, Lee A. Jackson, and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This case involves the determination of tax liability of Etienne J. Caire as transferee of a portion of the assets of Rose Hill, Incorporated. Caire received the assets upon surrender of his stock in the Company. The income tax deficiency of Rose Hill, Inc., for the fiscal year ending November 30, 1931, amounted to $10,874.96. Of this deficiency the Board of Tax Appeals determined Petitioner Caire's liability in the sum of $3,300. The appeal from the decision of the Board is brought to this court by petition for review.

The liability of Rose Hill, Inc., for the income tax is not in dispute. The question before the court is whether there is substantial evidence to support the finding of the Board of Tax Appeals that Petitioner Caire was a stockholder in the corporation at the time of its dissolution and a distributee in its liquidation.

The right to collect taxes from a tax debtor's transferee is established by law and the petitioner does not controvert the right of the Commissioner to invoke this remedy, but contends that he is not a transferee of the corporation's assets. He alleges that he sold his stock prior to the corporation's liquidation and that the money he received was the proceeds of a sale of stock and not a share in the distribution of the corporation's assets on dissolution.

The Board of Tax Appeals found that on March 30, 1931, the stockholders of Rose Hill, Inc., authorized a sale of all the corporation's assets. The resolution authorizing the sale provided that the assets be sold to R. E. E. de Montluzin, "or any corporation or person designated by him, at a price which will pay $100.00 per share, in the dissolution of the corporation, for each share of preferred stock now outstanding * * * every shareholder of the company to be entitled, on presentation of all his stock certificates, common and preferred, duly endorsed, to receive in cash $100.00 for each share of preferred stock, this transaction to be consummated on or before April 10, 1931."

At this same meeting liquidating commissioners were elected and it was "Resolved, that this corporation be liquidated and dissolved and its affairs wound up out of court."

Immediately following the passage of this resolution the stockholders of the company were advised that if they would present their certificates of preferred and common stock at the office of R. E. E. de Montluzin Co., Inc., which corporation was the fiscal agent of the liquidators, they would receive $100 for each share of preferred stock held by them. The same day Etienne J. Caire presented his certificates of thirty-three shares of preferred and thirty-three shares of common stock and received a check for $3,300 from R. E. E. de Montluzin Co., Inc. Other stockholders received like distributions.

On July 17, 1931, the liquidators formally conveyed to R. E. E. de Montluzin Co., Inc., all assets of Rose Hill, Inc. The recited consideration for the sale was $192,400. Against this amount there was credited $100,000 for distributions made direct to stockholders for surrender of their stock certificates and $92,400 for liabilities assumed. The sale and distribution thus made left Rose Hill, Inc., without assets of any kind or character, and without means to pay the tax.

Lewis L. Landon, one of the liquidators elected by the stockholders, testified before the Board of Tax Appeals that the sale of assets, and the distribution of cash to the various stockholders of Rose Hill, Inc., were steps in a plan to put the company out of existence and distribute its assets to its stockholders. Landon further testified, "In this connection the certificates of stock of Rose Hill, Incorporated, turned in by Etienne J. Caire, were cancelled just as all other shares of its stock that were turned in were cancelled, and as ultimately all the outstanding stock of Rose Hill, Incorporated, was cancelled on liquidation."

The findings of fact of the Board of Tax Appeals will not be disturbed on appeal if there is substantial evidence to sustain them. Helvering v. Nat. Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 82 L.Ed. 1346, Rubel v. Commissioner of Internal Revenue, 6 Cir., 74 F.2d 27.

The disposition of Caire's stock was in all respects in accordance with the plan of liquidation adopted by the stockholders. There is substantial evidence to support the finding of the Board that the money received by Caire for surrender of his stock was in the nature of a liquidating dividend. Cf. Sheckles v. Commissioner of Internal Revenue, 5 Cir., 91 F.2d 192.

The petition is denied and the judgment of the Board is affirmed.